UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                Case No.: 6:19cr7

ASHLEY LANIER POWELL,

    Defendant.

## COMBINED MOTION TO DISMISS INDICTMENT and MEMORANDUM OF LAW

Comes now **ASHLEY LANIER POWELL**, Defendant above named and pursuant to FRCrP 12(b)(3)(B) and FRCrP 47 moves this Court to dismiss the Indictment in the above stated case in that the indictment is defective and fails to state an offense.

1.

On July 10, 2019 a three-count indictment was filed against Defendant in the Southern District of Georgia charging him with: Count One, Possession of Firearms by a Prohibited Person (18 U.S.C. § 922(g)(3)); Count Two, Possession of Firearms by a Prohibited Person (18 U.S.C. §922 (g)(9); Count Three, Forfeiture of two firearms pursuant to 18 U.S.C. § 924(c) and 28 U.S.C. §2461(c).

**2.**

Counts One and Two allege violations of 18 U.S.C. § (g). There is no underlying offense for Count One. The underlying misdemeanor violation for Count Two arose in Candler County Georgia as a family violence offense.

At no time was Defendant advised that he was a Prohibited Person under 18 U.S.C. § 922 (g). See, Candler County sentencing transcript (Exh. A), Candler County misdemeanor sentence (Exh. B), and Defendant's affidavit (Exh. C.).

## **MEMORANDUM OF LAW**

The Supreme Court in Rehaif v. United States, 139 S. Ct. 2191 (2019) examined the scope of 18 U.S.C. § 922(g) providing nine categories of individuals subject to the prohibition of the possession of firearms in conjunction with the penalty provision of § 924(a)(2) that anyone who knowingly violates the first provision will be fined or imprisoned. The Supreme Court held that "knowingly" applied both to the defendant's conduct and to the defendant's status. To convict the Government must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it.

The defendant's status, "knowingly", is a "collateral" question of law and the indictment fails to allege both the Defendant's conduct (possession) which is admitted and the Defendant's status (prohibited person) which is an essential unalleged element of the offense cannot be inferred in the indictment. The Candler County misdemeanor sentencing transcript, the sentence and Defendant's affidavit affirmatively negate actual

or subjective knowledge by the Defendant that he was a prohibited person under 18 § 922(g).

The indictment fails to state offenses and should be dismissed in its entirety.

Respectfully submitted this 17th day of April, 2020.

                                                <u>s/Paul W. Calhoun, III</u>
                                                Paul W. Calhoun, III
                                                Attorney Bar Number 553656
                                                Attorney for Ashley Powell
                                                Post Office Box 1988
                                                Vidalia, Georgia 30475
                                                Telephone: (912)537-9996
                                                E-Mail: paul@cahounlawfirm.net

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**STATESBORO DIVISION**

**UNITED STATES OF AMERICA,**

      **PLAINTIFF,**

**vs.**                                              **Case: 6:19cr7**

**ASHLEY LANIER POWELL,**

      **DEFENDANT.**

**CERTIFICATE OF SERVICE**

This is to certify I have this day served all parties in this case with the attached Combined Motion to Dismiss Indictment and Memorandum of Law, for the Defendant in accordance with the directives from the Court Notice of Electronic Filing ("NEF") which was generated as a result of this electronic filing.

This the 17th day of April, 2020.

                                              s/Paul W. Calhoun, III
                                              Paul W. Calhoun, III
                                              Attorney Bar Number 553656
                                              Attorney for Ashley Powell
                                              Post Office Box 1988
                                              Vidalia, Georgia 30475
                                              Telephone: (912)537-9996
                                              E-Mail: paul@cahounlawfirm.net