FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

**IN THE UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF GEORGIA**
**STATESBORO DIVISION**

20 MAY 20  PM 3: 33

CLERK_____
SO. DIST. OF GA.

UNITED STATES OF AMERICA      *

                        *

       v.                  *          CR 619-007

                        *

ASHLEY LANIER POWELL        *

## O R D E R

    Pending before the Court is Defendant Ashley Powell's motion to dismiss the indictment.  (Doc. 34.)  Defendant moves under Federal Rule of Criminal Procedure 12(b)(3)(B) and argues that the indictment fails to state an offense.  For the following reasons, the motion is denied.

    The Superseding Indictment charges Defendant with possession of firearms by a prohibited person in violation of 18 U.S.C. § 922(g)(3) in count one and § 922(g)(9) in count two.  Defendant argues that the Superseding Indictment fails to allege that Defendant knew of his prohibited person status as required by Rehaif v. United States, 139 S. Ct. 2191 (2019) ("[T]he Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm.").  Defendant includes an affidavit and transcript of his domestic violence misdemeanor sentencing hearing in support of his argument that he lacked the requisite knowledge

of his prohibited status for count two.   As for count one, Defendant argues that there is no underlying offense.

"In ruling on a motion to dismiss for failure to state an offense, a district court is limited to reviewing the *face* of the indictment and, more specifically, the *language used* to charge the crimes." United States v. Sharpe, 438 F.3d 1257, 1263 (11th Cir. 2006) (emphasis original).   A sufficient indictment will "contain the elements of the offense intended to be charged, and sufficiently apprise the defendant of what he must be prepared to meet." Id. (quotation omitted).   An indictment is sufficient if it follows the language of the statute.   See United States v. Ershova, 791 F. App'x 158, 161 (11th Cir. 2019) (citing United States v. Critzer, 951 F.2d 306, 307-08 (11th Cir. 1992)). Additionally, there is no summary judgment equivalent in criminal cases, meaning the Court may not make a pre-trial determination of sufficiency of the evidence.   See Critzer, 951 F.2d at 307.

Both counts of the Superseding Indictment follow the statutory language, and both specifically include an allegation the Defendant acted with knowledge with regard to his possession of the firearm and the conduct supporting his prohibited person status.   (See Superseding Indictment, Doc. 7.)

Defendant appears to argue that count one fails to allege an offense because it does not allege an underlying controlled substance offense.   But, Section 922(g)(3) does not require an

underlying conviction, only that the defendant be "an unlawful user . . . of any controlled substance." Count one alleges that Defendant was a knowing unlawful user of methamphetamine, and thus is sufficient to state an offense.

As to count two, Defendant argues that the supporting evidence attached to his motion shows that he did not know he was a prohibited person due to his misdemeanor domestic offense. However, as explained above, a motion to dismiss the indictment tests only the face of the indictment and not the sufficiency of the evidence. Count two alleges that Defendant knew he had been convicted of a crime of domestic violence and thus states an offense.

Both counts of the Superseding Indictment track the statutory language of the crimes they charge and satisfy Rehaif's requirements. Upon consideration, Defendant's motion to dismiss the indictment (Doc. 34) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 20th day of May, 2020.

J. RANDAL HALL / CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA